

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-15,305-03

### EX PARTE MARK TWAIN SIMPSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-56596-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

*Per curiam.* YEARY, J. filed a concurring opinion joined by KELLER, P.J. and SLAUGHTER, J.

### **O R D E R**

Applicant was convicted of robbery and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Simpson v. State*, No. 05-14-00618-CR (Tex. App.—Dallas April 20, 2015)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by convincing him to plead guilty without a bargain, by failing to properly advise him of the consequences of an open plea, by making him believe that the judge was going to grant him probation or sentence him to less than 25 years, by failing to honor his desire to proceed to a jury trial, by failing to secure a plea

bargain for less than 25 years when the trial court granted a motion for new trial, and by failing to adequately defend him during the State's appeal on the issue of the granting of a new trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 24, 2022
Do not publish